## F. ABENDROTH V. THE STATE.

### *No. 607.   Decided April 10.*

1. **Indecent Publication—Indictment.**—An indictment or information for an indecent publication, under article 343, Penal Code, to be valid and sufficient, must show: 1. The print, picture, or writing, by tenor or description; and it must appear, from an inspection thereof, that it is of an obscene or indecent character. 2. It must show that the mode and manner of publication, etc., was manifestly designed to corrupt the morals of youth.

2. **Same.**—See an indictment for indecent publication set out in the opinion, which the court holds fatally defective, because it fails to show on its face that the published matter was obscene or indecent.

APPEAL from the County Court of Wichita. Tried below before Hon. W. P. SKEEN, County Judge.

Appellant was prosecuted by information for an indecent publication, and at his trial was convicted, his punishment being assessed at a fine of $5.

Defendant's counsel made a motion to quash the information, because it shows no offense against the laws of the State; which motion was by the court overruled.

The sufficiency of the information, which is set out in the opinion below, being the only question passed upon, it is unnecessary to make a statement of the case.

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This was a conviction under article 343 of the Penal Code, which makes indecent publications a criminal offense. No statement of facts accompanies the record, and the only question presented for our consideration is the sufficiency of the information. In order to set out the matter clearly, we quote the charging part of the information, which reads as follows: "That the said defendant did then and there unlawfully make, publish, and print an indecent and obscene printed composition, manifestly designed to corrupt the morals of youth, which said indecent and obscene print and composition is as follows, to wit: 'Dr. Abendroth's Safeguard Pastille is a nonpoisonous remedy for all the unnatural discharges and debilitating weakness peculiar to women, is a sure cure for leucorrhoea (womb weakness), prolapsus (falling of the womb), irregularity of the menstruation. Strength comes with the use of the pastille. It heals and strengthens the womb, and general female system. Where pregnancy is desired, do not use the Safeguard Pastille, as it prevents conception while in use. For womb troubles, insert one pastille into the vagina every third night. For further information, address Dr. F. Abendroth, Specialist, Dallas, Texas. Price $1.00 per box;' contrary to the

form of the statute, and against the peace and dignity of the State." The appellant contends that the language used, which is set out above in hac verba, is not on its face obscene or indecent, and is not such as is, no matter how published or advertised, designed to corrupt the morals of youth.

In the case of Smith and Coker v. The State, 24 Texas Criminal Appeals, 1, Judge Willson, in considering the words "manifestly designed," etc., in article 343, says: "We do not agree to the proposition that the words, 'manifestly designed to corrupt the morals of youth,' mean, that the composition on its face and of itself must manifestly be a kind to produce that effect." And further, "We construe these words to refer to the intention and purpose of these defendants in making the publication." In that case, however, the exact question before us did not arise. There the indictment, as here, contained the language used, which in itself was of the most vulgar and indecent character, and it was not susceptible of any other construction, and no one on reading it could misunderstand its meaning; but the issue in that case was as to the mode and manner of publication, and what is said by the learned judge must be considered as applicable to the case then before the court.

In The State v. Hanson, 23 Texas, 234, in passing upon the sufficiency of an indictment for an offense under this same statute, Judge Roberts used the following language: "The composition or print should have been set out, or such description given of it as that the court could judge of its character in reference to its alleged indecency and obscenity." As the information did not set out the matter published, it was quashed in that case. It appears to us that the indictment, or information, to be valid, must show, in the first instance, in tenor or description, the print, picture, or writing, and it must appear from an inspection thereof that the same is of an obscene or indecent character. The indictment or information must further show, that the mode and manner of its publication or exhibition was manifestly designed to corrupt the morals of youth. The information before us does set out the published matter, and the question for us to determine is, whether the language therein contained is on its face indecent or obscene. The first portion of said publication, and in fact all of it except the words, to wit, "Where pregnancy is desired, do not use the Safeguard Pastille, as it prevents conception while in use," indicate only such advertising matter as is in common use in newspapers, journals, and advertisements of remedies or medicines; and to the common understanding there is no such suggestion in such publications of indecency or obscenity. They are regarded as advertisements of remedies for diseases, some of them, doubtless, valuable, and others of no value. The diseases above pointed out are such as are recognized by the medical profession, and the relief or cure of such disease, or a proposed remedy for such relief or cure, no matter how published, could not be considered as violative of the provisions of said article.

And, no doubt, there are cases where pregnancy would inevitably prove very deleterious to the health of the female, and in such cases it certainly would not be considered a criminal offense to prevent pregnancy. The advertised safeguard against pregnancy in this case is a pastille. What its composition is, or character, the information does not inform us. Webster defines "pastille" as "an aromatic or medicated drop or lozenge of sugar confectionery." Doubtless there were other compositions in this pastille than as indicated by Mr. Webster, but what they were we are not informed, and we do not feel authorized to presume that they were of some quality calculated to corrupt the morals of youth. Because the information fails to show on its face that the published matter was obscene or indecent, we hold that it is defective, and should have been quashed by the court below.

The judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*

Judges all present and concurring.